[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR ALIMONY AND CHILD SUPPORT PENDENTE LITE (115)
The plaintiff wife, who is receiving $100 weekly disability income from New York Workers Compensation for reasons otherwise unexplained has moved for an order of temporary alimony and child support. Neither side submitted a child support guidelines worksheet. The plaintiff claims that the defendant's income is sufficient to support an unallocated order of $15,000 monthly. If proven, the defendant's net income must exceed $2,400 weekly thereby being beyond the maximum non-custodial parental income provided by the schedule of basic child support. The court finds such claim of plaintiff unproven.
The defendant, employed by Morgan Stanley Dean Witter as a financial advisor, holds both a SEC series 3 and a Series 7 license. In the recent past, by arrangement with his brother, he shared in commissions paid to the brother for referral of a commodity trader to Reifler Trading Corp. The defendant was prohibited from making the referral due to his employment. The defendant claims no recent payments have been received from this source.
The court notes that the parties' 1997 U.S. form 1040 tax return lists $64,867 wages etc. on line 7, (Plaintiffs Exhibit CT Page 15429 #10), presumably not all generated by the defendant. His payroll statement for the period ending August 31, 1999 lists year to date gross earnings from salary and commissions at $37,718.27 (Plaintiffs Exhibit #11). For the year 1998 the defendant received Form 1099 from LMA Investments Corp listing nonemployee compensation of $28,400, Form 1099 from Reifler Trading Corp listing nonemployee compensation of $5,968 and W-2 Form from his employer listing gross wages of $39,294.61 (Plaintiff's Exhibit #12), a grand total of $73,662.61.
The court concludes that the defendant's brother has been the source of $25,000 in 1999, which, added to the earnings, supra, through August 31, totals $62,718.25 or $7,840 monthly gross income. The court concludes it has sufficient evidence before it to label the dealings between defendant and his brother as income, e.g. blank checks, (Plaintiff's Exhibit #17).
The marital home is being foreclosed, cf. CV 99-0174562 S. Both plaintiff and defendant are named defendants in a civil suit brought by Parvis Sephbodi seeking money damages and other relief alleging that Sephbodi held title and obtained a mortgage in 1997 in his name, secured by the marital home. He seeks to be held harmless from any claim growing out of his ownership of the real estate.
The court concludes that the 1997 financing of the marital home was due, at least in part, to the defendant's bankruptcy petition filed in 1996.
Based on the credible evidence produced at the hearing the court concludes that an unallocated order is appropriate based on tax planning considerations. The plaintiff's financial affidavit's listing of current expenses does not comport withWatson v Watson, 20 Conn. App. 551. The defendant's financial affidavit fails to comply with section 25-30 of the Practice Book requiring the weekly income from principal employment to "use weekly average not less than 13 weeks" in arriving at the numbers. The defendant limited the stated income to the September, 1999 pay stub.
In conclusion, the court finds that the defendant has an ongoing arrangement with his brother that furnishes additional income to the defendant. The court further concludes that the defendant can, should and he is hereby ordered to pay to the defendant, as unallocated alimony and support, the sum of $4,000 CT Page 15430 monthly, first payment due December 1, 1999. A wage withholding order is entered. The defendant is further ordered to continue the group medical and dental insurance coverages for the family provided by the defendant's employer.
HARRIGAN, J.